UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMBERLY M. CONNORS,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C16-0853-RJB-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Plaintiff Kimberly M. Connors brought this action to seek judicial review of the denial of applications for disability benefits by the Commissioner of the Social Security Administration ("Commissioner"). Now before the Court is the Commissioner's Motion to Dismiss the complaint for lack of subject matter jurisdiction given plaintiff's failure to exhaust her administrative remedies. (Dkt. 12.)

Plaintiff did not respond to defendant's motion. The Court construes this failure to respond as an admission that the motion has merit. LCR 7(b)(2). The Court further finds, having considered the motion and supporting documents, as well as the balance of the record in

REPORT AND RECOMMENDATION
PAGE - 1

this matter, that defendant's motion should be granted and this case dismissed.

## BACKGROUND AND DISCUSSION

The Commissioner denied plaintiff's claim for disability benefits initially and on reconsideration. (Dkt. 12-1, Exs. 1-2.) Plaintiff requested a hearing and, following that hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated February 6, 2013. (*Id*., Ex. 3.) Plaintiff requested review of the ALJ's decision. On April 24, 2014, the Appeals Council granted review and issued a remand order. (*Id*., Ex. 4.)

The ALJ, on April 5, 2016, again issued an unfavorable decision. (*Id*., Ex. 5.) In the Notice of the Decision – Unfavorable, the ALJ informed plaintiff she could file an appeal with the Appeals Council. (*Id*., Ex. 5 at 1.) The notice indicated the appeal must be filed within sixty days from the date plaintiff received the notice and that it would be assumed, unless she showed otherwise, she received the notice five days after the notice date. (*Id*.) The notice also informed plaintiff that, if she did not appeal, the ALJ's decision became final and plaintiff would "not have the right to Federal court review." (*Id*., Ex. 5 at 2.)

Plaintiff did not seek review by the Appeals Council. Plaintiff, instead, filed this civil action on June 8, 2016. (Dkt. 1.)

Judicial review of a claim for Social Security disability benefits is limited to review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); *accord Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (§ 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'") This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. 42 U.S.C. § 405(g) and § 405(h) ("The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were

REPORT AND RECOMMENDATION
PAGE - 2

parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (interpreting § 405(g)'s requirement of a final decision after a hearing "to be central to the requisite grant of subject-matter jurisdiction – the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review.")

The meaning of the term "final decision" is to be defined by the Commissioner's regulations. *Weinberger*, 422 U.S. at 766. Under the regulations, a claimant obtains the Commissioner's final decision only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a). As stated by the Ninth Circuit, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson*, 2 F.3d at 921). When a claimant has not exhausted her administrative remedies by obtaining a final decision, the complaint must be dismissed. *See, e.g., Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the appeals council, and the appeals council either grants or denies review."; upholding dismissal for lack of subject matter jurisdiction due to failure to exhaust).

In this case, plaintiff did not request Appeals Council review of the ALJ's April 2016 decision, a step necessary to exhaust her administrative remedies and obtain a final decision.

While the Court may make an exception to the general rule precluding review in the absence of a final decision with the showing of a "'colorable constitutional claim of due process violation[,]'" plaintiff does not make any such argument in this case. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoted sources omitted). *See also Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). Indeed, as noted above, plaintiff did not respond to the motion to dismiss.

## CONCLUSION

Plaintiff failed to exhaust her administrative remedies before filing this action. Accordingly, the Commissioner's Motion to Dismiss (Dkt. 12) should be GRANTED, and this matter DISMISSED with prejudice.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 27, 2017**.

DATED this 10th day of January, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4